```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


ARTHUR J. ROBERTS, JR.,         )
        Plaintiff,              )
                                )
                                )
        v.                      )    C.A. No. 10-10732-MLW
                                )
                                )
MARK CIRONE,                    )
        Defendant.              )
                                )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                              June 23, 2010

On April 21, 2010, Arthur J. Roberts, Jr. filed a pro se complaint in which he alleges that Mark Cirone has engaged in wrongful conduct by harassing Roberts, interfering with Roberts's business relationships, and trying to collect a debt from Roberts.

For the reasons stated below, the court is granting the motion for leave to proceed in forma pauperis and directing Roberts to show why this action should not be dismissed. The court is also denying subsequently-filed motions to amend the complaint, for appointment of receiver, for attachments, and for a preliminary injunction.

I.   BACKGROUND

The court summarizes the facts as alleged by the plaintiff. On January 31, 2009, Roberts and Cirone, who both reside in Massachusetts, entered into a contract whereby the parties agreed that Cirone would pay Roberts $6,000 to aid in the publication of

a book on the history of Hingham, and Cirone would receive a percentage of the revenue derived from sales of the book over a period of three years.

The book was released on July 9, 2009. On April 1, 2010, Roberts tendered $275.81 to Cirone. Roberts has also given sales reports to Cirone indicating that another $813.96 is due to Cirone. At all times, Roberts has kept accurate records of sales, expenses, and funds due to Cirone. Under the contract, "[t]he dates and times of payments to the defendant by the Plaintiff are at the sole discretion of the Plaintiff." Compl. ¶ 12.

On or about January 15, 2010, Cirone because forwarding to Roberts "threatening and coercive e-mails laden with obscenities and profanity." Id. ¶ 6. Cirone also "began contacting third parties about the Plaintiff in a defamatory manner with the sole intent of financially harming the Plaintiff." Id. ¶ 7. In one email, Cirone "confirmed that he has aligned himself with a third party in order to monitor and harm the business and financial affairs fo the Plaintiff." Id. ¶ 8. On March 17, 2010, Cirone filed a small claims action against Roberts in Hingham District Court, whereby Cirone seeks $2,000.

Cirone's "ongoing threats and intimidating acts as well as his contact with third parties have irreparably harmed the Plaintiff and the sale of the books that are the subject of the Contract." Id. 12. Roberts also states that Cirone has violated the Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

Roberts seeks an injunctive relief preventing Cirone from sending Roberts threatening emails and from contacting third parties concerning Roberts. Roberts also seeks $1,000 in damages, an additional $900,000 in punitive damages, and an attachment of Cirone's real property.

II. DISCUSSION

    A.   Motion for Leave to Proceed In Forma Pauperis

Upon review of the motion for leave to proceed in forma pauperis, the court concludes that Roberts has demonstrated that he is without income or assets to pay the $350.00 filing fee. Therefore, the motion is being allowed.

    B.   Screening of the Complaint

Because the plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. §1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). "If the court

3

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In conducting this review, the court liberally construes the plaintiff's complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a) ("§ 1332"). For purposes of § 1332, a party is a citizen of the state in which he is domiciled. See Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004).

Roberts claims that the court has jurisdiction over this matter under § 1332. See Compl. ¶ 3. However, Roberts also represents that both parties are residents of Massachusetts. Therefore, the court cannot infer from the complaint that diversity of citizenship exists between Roberts and Cirone. Without diversity of citizenship, subject-matter jurisdiction does not exist under § 1332.

Subject matter also does not exist under § 1331 because Roberts has failed to state a claim under federal law. The only federal law invoked by Roberts is the FDCPA. Roberts alleges that Cirone is illegally trying to collect a non-existent debt arising

from the business contract of the two parties.  The term "debt," as used in the FDCPA, however, only applies to the obligation of a "consumer" to pay money arising from a transaction for "personal, family, or household purposes."  15 U.S.C. § 1692a(5).  The FDCPA does not apply to the collection of non-consumer debt.  See Heintz v. Jenkins, 514 U.S. 291, 293 (1995); Turner v. Cook, 362 F.3d 1219, 1228 (9th Cir. 2004) (judgment resulting from alleged business interference tort did not involve a consumer transaction and therefore did not implicate the FDCPA); Pollice v. National Tax Funding, L.P., 225 F.3d 379, 400 n.23 (3d Cir. 2000) (collection of water and sewer obligations owed by litigants who owned property for business purposes did not implicate the FDCPA); Berman v. GC Servs. Ltd. P'ship, 146 F.3d 482, 485-86 (7th Cir. 1998) (unemployment insurance contributions are not "debts" under the FDCPA); Mabe v. G.C. Servs. Ltd. P'ship, 32 F.3d 86, 88 (4th Cir. 1994); (child support is not consumer debt and therefore efforts to collect it do not implicate the FDCPA); Fleet Nat'l Bank v. Baker, 263 F. Supp. 2d 150, 153-54 (D. Mass. 2003) (FDCPA does not apply to business loan); Shorts v. Palmer, 155 F.R.D 172, 176 (S.D. Ohio 1994) (financial obligation arising from the theft of property was not consumer debt, and therefore FDCPA did not apply to efforts to recover value of stolen property).  Nothing in the complaint suggests that Cirone is attempting to collect a consumer debt from Roberts.  Rather, Roberts alleges that Cirone is trying to collect

money that Cirone believes is due to him under a business contract. In the absence of a claim under federal law, subject-matter jurisdiction does not exist under § 1331.

III. CONCLUSION

Accordingly, it is hereby ORDERED that:

(1) The Motion for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Docket No. 2) is ALLOWED.

(2) If the plaintiff wishes to proceed with this action, he must, within 35 days, show good cause in writing (by filing an amended complaint or legal memorandum) why this action should not be dismissed for the reasons stated above. Failure to comply with this directive will result in dismissal of the action.

(3) The motion to amend the complaint (Docket No. 4) is DENIED AS UNNECESSARY. Under Fed. R. Civ. P. 15(a), the plaintiff may amend the complaint as a matter of right at this stage of the litigation. However, as an amended complaint completely supercedes the original complaint, <u>see</u> <u>Ramallo Bros. Printing, Inc. v. El Dia, Inc.</u>, 490 F.3d 86, 88 n.2 (1st Cir. 2007), the amended complaint must contain any allegations from the original complaint that Roberts wishes to include in the operative complaint.

(4) The motions for appointment of receiver and for attachments (Docket Nos. 5, 6) are DENIED.

(5) The motion for a preliminary injunction (Docket No. 7) is DENIED, as the plaintiff has not shown any likelihood of success on

the merits of this action.

                                            /s/ Mark L. Wolf
                                        UNITED STATES DISTRICT JUDGE